MICHELE BECKWITH
Acting United States Attorney
NICOLE VANEK
EMILY G. SAUVAGEAU
Assistant United States Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>EMILIO LOPEZ,<br><br>                              Defendant. | CASE NO.  2:25-CR-00067-DAD<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: April 28, 2025<br>TIME: 9:30 a.m.<br>COURT: HON. DALE A. DROZD |
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>EMILIO LOPEZ,<br><br>                              Defendant. | CASE NO.  2:12-CR-00392-DAD<br><br>STIPULATION TO CONTINUE ADMIT/DENY HEARING; FINDINGS AND ORDER<br><br>DATE: April 28, 2025<br>TIME: 9:30 a.m.<br>COURT: HON. DALE A. DROZD |

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on April 28, 2025.

2.      By this stipulation, defendant now moves to continue the status conference in case number 2:25-CR-00067-DAD until June 23, 2025, and to exclude time between April 28, 2025, and June 23, 2025, under Local Code T4; and to continue the Admit/Deny hearing in case number 2:12-CR-

1    00392-DAD to June 23, 2025, for a status conference.

2        3.    The parties agree and stipulate, and request that the Court find the following as to case

3    number 2:25-CR-00067-DAD:

4        a)    The government has represented that the discovery associated with case number

5    2:25-CR-00067-DAD includes law enforcement reports, covert recordings, drug evidence and

6    lab results, and other materials. All of this discovery has been either produced directly to counsel

7    and/or made available for inspection and copying.

8        b)    Counsel for defendant desires additional time to review the discovery, consult

9    with their client, and otherwise prepare for trial.

10       c)    Counsel for defendant believes that failure to grant the above-requested

11   continuance would deny her the reasonable time necessary for effective preparation, taking into

12   account the exercise of due diligence.

13       d)    The government does not object to the continuance.

14       e)    Based on the above-stated findings, the ends of justice served by continuing the

15   case as requested outweigh the interest of the public and the defendant in a trial within the

16   original date prescribed by the Speedy Trial Act.

17       f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

18   et seq., within which trial must commence, the time period of April 28, 2025 to June 23, 2025,

19   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

20   because it results from a continuance granted by the Court at defendant's request on the basis of

21   the Court's finding that the ends of justice served by taking such action outweigh the best interest

22   of the public and the defendant in a speedy trial.

23       4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

24   Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

25   must commence.

26       5.    The parties further agree and stipulate, and request that the Court find the following as to

27   the supervised release violation proceedings in case number 2:12-CR-00392-DAD:

28       a)    The supervised release violation petition alleges that the defendant failed to notify

of his October 31, 2024, arrest regarding a state probation violation; committed a new crime of selling fentanyl as alleged in case number 2:25-MJ-0044, which is now subsumed into 2:25-CR-00067-DAD; and unlawfully possessed a controlled substance as alleged in the new case.

   b)    Two out of three of these alleged violations stem from the same conduct underlying the new case, 2:25-CR-00067-DAD.

   c)    Defense counsel is reviewing discovery which relates to both cases.

   d)    The parties wish to continue 2:12-CR-00392-DAD as they seek to resolve both cases at the same time or proceed to trial in the new case.

   e)    For these reasons, the parties agree and stipulate that 2:12-CR-00392-DAD should trail case number 2:25-CR-00067-DAD and therefore should be continued to June 23, 2025, at 9:30 a.m.


IT IS SO STIPULATED.


Dated:  April 16, 2025                          MICHELE BECKWITH
                                               Acting United States Attorney


                                                /s/ EMILY G. SAUVAGEAU
                                               EMILY G. SAUVAGEAU
                                               Assistant United States Attorney


Dated:  April 16, 2025                           /s/ MEGAN HOPKINS
                                               MEGAN HOPKINS
                                               Counsel for Defendant
                                               EMILIO LOPEZ

**ORDER**

IT IS SO ORDERED.

Dated:   **April 17, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4